UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BYRON DOZIER and BRUCE ALEXANDER | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| GENESEE & WYOMING RAILROAD | * | MAGISTRATE: |
| SERVICES, INC., AND LOUISIANA & DELTA | * | |
| RAILROAD, INC. | * | |
| | * | TRIAL BY JURY |
| ****************************************** | | |

---

## COMPLAINT FOR DAMAGES

---

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff Byron Dozier, a person of the full age of majority residing and domiciled in the Parish of Vermilion, Louisiana, and Plaintiff Bruce Alexander, a person of the full age of majority residing and domiciled in Webster County, Iowa, who respectfully pleads the following:

## PARTIES

1.       Defendant, Genesee & Wyoming Railroad Services, Inc., [hereinafter "GWRS"] is a non-resident corporation existing and incorporated under the laws of the State of Delaware and domiciled in the State of Delaware with its principal business establishment in the Parish of East Baton Rouge.  GWRS owns and operates short line and regional freight railroads in the United States, Canada, Australia, Belgium, and the Netherlands.  At the time of the injuries and damages described herein, GWRS was conducting business within the Parish of St. Mary, State of Louisiana as an interstate common carrier by railroad of freight for hire.  GWRS possesses, manages, maintains, and/or operates Louisiana & Delta Railroad, Inc., listed in paragraph 2.

2.      Defendant, Louisiana & Delta Railroad, Inc., [hereinafter "LDR"] is a non-resident corporation existing and incorporated under the laws of the State of Delaware and domiciled in the State of Delaware with its principal business establishment in the Parish of East Baton Rouge. LDR engaged in the business and operation of freight transportation in the State of Louisiana as a common carrier by railroad.

3.      On or about December 8, 2020, Plaintiff, Byron Dozier was employed by Defendants as an engineer/conductor working at Defendant LDR's line crossover switch in Baldwin, Louisiana.

4.      On or about December 8, 2020, Plaintiff, Bruce Alexander was employed by Defendants as an engineer/conductor working on Defendant LDR's line crossover switch in Baldwin, Louisiana.

5.      On or about December 8, 2020, while Plaintiff, Byron Dozier, was working in the course and scope of his employment as a conductor for Defendants, Plaintiff was in the process of switching the train from The Burlington Northern and Santa Fe Railway Company's ["BNSF"] mainline switch to Defendant LDR's tracks.  Mr. Dozier lined the inside switch while Mr. Alexander lined the outside switch. While Plaintiffs were verifying that the route was lined and the train was able to be set in motion, gunshots rang out around Plaintiffs.  Upon realizing gunshots were being fired, Mr. Dozier dropped into a push up position in order to protect himself from the flying bullets.  This position left him exposed on top of the rail, so Mr. Dozier rolled into a small ditch near him to take shelter.   Near or around the same time, Plaintiff Bruce Alexander was shot. Plaintiff Bruce Alexander then called to Mr. Dozier over the radio to inform him that he had been

shot.   Once the gunfire stopped, Mr. Dozier went to assist Mr. Alexander, who needed an ambulance for medical transport.

6.      At all relevant times, Defendants were common carriers of freight for hire by rail, engaged in interstate commerce.

7.      At all relevant times, Plaintiffs and Defendants were engaged in interstate commerce or in activities that substantially affected or were in furtherance of interstate commerce.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court over Plaintiffs' causes of action against GWRS and LDR are based upon 45 U.S.C. § 51 et seq., commonly known as the Federal Employers' Liability Act and this action is timely commenced under said statute.

9.      If it is found that any of the defendants are not common carriers as established by 45 U.S.C. § 51 et seq., this Court has supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367, over the non- FELA claims of Plaintiffs against Defendants GWRS and LDR under Louisiana state law negligence claims.

10.     Venue is proper in the Western District of Louisiana as St. Mary Parish is the parish where the cause of action(s) arose and/or accrued, and Defendants, at all times mentioned herein, were doing business in the Parish of St. Mary as common carriers in interstate commerce.

11.     At all times relevant herein, Defendants own, operate, and maintain track and rail yards throughout the aforementioned states including the State of Louisiana and Parish of St. Mary.

## COUNT I:  NEGLIGENCE OF DEFENDANT GWRS

12.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 11 of their Complaint as if the same were set forth at length herein.

13.     The December 8, 2020 injuries sustained by Plaintiffs and their damages were caused as a result, in whole or in part, of the negligence of Defendant GWRS, its officers, employees and agents, and in violation of the FELA, 45 U.S.C. § 51 et seq., and/or its other duties under Louisiana state law, to wit:

    a.     In that GWRS, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiffs were performing their duties in the manner required by Defendants;

    b.     In that GWRS, in violation of its non-delegable duty, failed to provide Plaintiffs with a reasonably safe place in which to work as required by law;

    c.     In that GWRS failed to warn Plaintiffs of the dangers to which it was exposing them;

    d.     In that GWRS failed to properly train employees for known and foreseeable risks of gun violence on GWRS properties, premises, work areas, or equipment where its employees were required to work;

    e.     In that GWRS, in violation of its non-delegable duty, permitted a dangerous and hazardous condition to exist on its properties, premises, work areas, or equipment where its employees were required to work;

    f.     In that GWRS, in violation of its non-delegable duty, allowed unsafe practices to become the standard practice;

    g.     In that GWRS, in violation of its non-delegable duty, failed to exercise due care and caution commensurate with the surrounding circumstances;

h.        In that GWRS is independently negligent and vicariously liable for the actions of LDR based on its control, possession, ownership, and/or operation of LDR;

i.        In that GWRS failed to inspect and investigate the actions of its agent BNSF in maintaining, inspecting, and policing the tracks over which GWRS operates its trains, specifically where Plaintiffs were injured; and

j.        Other acts of negligence to be fully enumerated at the trial of this matter.

14.      Plaintiffs specifically plead that GWRS, in violation to its non-delegable duty to provide a safe place to work, is also responsible for any negligent actions and omissions committed by BNSF and/or the railroad entity who owned and maintained the mainline tracks upon which Plaintiffs were injured given that BNSF was acting as an "agent" of GWRS.  Upon information and belief, at all times material to this litigation, GWRS and BNSF entered into a contractual agreement for BNSF to provide railroad track inspection, maintenance, and policing services on the railroad track where this accident and injury occurred.  This contractual agreement to provide these services was entered into to further the operational activities of GWRS.

15.      Plaintiffs specifically plead that GWRS is liable for Plaintiffs' injuries caused in whole or in part by the fault of BNSF, which was performing, under contract, operational activities of GWRS, such that BNSF is an "agent" of GWRS within the meaning of 45 U.S.C. § 51.  In sum, Plaintiffs aver that GWRS's liability under FELA extends to each negligent and careless act committed by BNSF that contributed to Plaintiffs' injuries and damages.

16.      As a result, in whole or in part, of the foregoing negligence of Defendant GWRS and its agents, in violation of the FELA, and/or its other duties under Louisiana state law, a dangerous condition was caused to occur as set forth above, causing Plaintiff Byron Dozier to

sustain severe and disabling physical injuries to his body including his neck, back, hands, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems. These injuries necessitated cervical surgery on July 15, 2021. Plaintiff has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life and the potential inability to continue his career as a railroad conductor/engineer.

17.     As a result, in whole or in part, of the foregoing negligence of Defendant GWRS and its agents, in violation of the FELA, and/or its other duties under Louisiana state law, a dangerous condition was caused to occur as set forth above, causing Plaintiff Bruce Alexander to sustain physical injuries to his body including his right leg, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff has suffered as a result of Defendant GWRS's negligence.

18.     In addition, as a result, in whole or in part, of the foregoing negligence of Defendant GWRS and its agents, in violation of the FELA, and/or its other duties under Louisiana state law, Plaintiff Byron Dozier has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

19.     In an effort to treat, heal and relieve his injuries, Plaintiff Byron Dozier has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

20.     Plaintiff Byron Dozier demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

A.  Physical Pain and Suffering, Past and Future;

B.  Mental Pain and Suffering, Past and Future;

C.  Potential Permanent Disability

D.  Loss of Enjoyment of Life;

E.  Past Lost Wages;

F.  Future Lost Earning Capacity and Fringe Benefits;

G.  Future Lost Wages;

H.  Unpaid Past Medical Expenses; and

I.  Future Life Care Needs and Medical Expenses for Remainder of Life

Expectancy.

21.     Plaintiff Bruce Alexander demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

A.  Past Physical Pain and Suffering;

B.  Past Mental Pain and Suffering;

C.  Loss of Enjoyment of Life;

D.  Past Lost Wages; and

E.  Unpaid Past Medical Expenses.

23.     Plaintiffs reserve the right to supplement and amend this Complaint, as additional facts become known.

24.     Plaintiffs are entitled to and demand a trial by jury.

**WHEREFORE**, Plaintiff Byron Dozier and Plaintiff Bruce Alexander pray for judgment against the above-named Defendant, GWRS, for recovery of reasonable damages in an amount

sufficient to fully compensate Plaintiffs for the damages and losses suffered, together with all costs, disbursements, and whatever other relief the Court deems appropriate.

## COUNT II: NEGLIGENCE OF DEFENDANT LDR

25.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 24 of their Complaint as if the same were set forth at length herein.

26.     The December 8, 2020 injuries sustained by Plaintiffs and their damages were caused as a result, in whole or in part, of the negligence of Defendant LDR, its officers, employees and agents, and in violation of the FELA, 45 U.S.C. § 51 et seq., and/or its other duties under Louisiana state law to wit:

a.      In that LDR, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiffs were performing their duties in the manner required by Defendants;

b.      In that LDR, in violation of its non-delegable duty, failed to provide Plaintiffs with a reasonably safe place in which to work as required by law;

c.      In that LDR failed to warn Plaintiffs of the dangers to which it was exposing them;

d.      In that LDR failed to properly train employees for known and foreseeable risks of gun violence on LDR properties, premises, work areas, or equipment where its employees were required to work;

e.      In that LDR, in violation of its non-delegable duty, permitted a dangerous and hazardous condition to exist on its properties, premises, work areas, or equipment where its employees were required to work;

f.      In that LDR, in violation of its non-delegable duty, allowed unsafe practices to

become the standard practice;

g.      In that LDR, in violation of its non-delegable duty, failed to exercise due care and

caution commensurate with the surrounding circumstances;

h.      In that LDR is independently negligent and vicariously liable for the actions of

GWRS based on its control, possession, ownership, and/or operation of GWRS;

i.      In that LDR failed to inspect and investigate the actions of its agent BNSF in

maintaining, inspecting, and policing the tracks over which LDR operates its trains,

specifically where Plaintiffs were injured; and

j.      Other acts of negligence to be fully enumerated at the trial of this matter.

26.      Plaintiffs specifically plead that LDR, in violation to its non-delegable duty to

provide a safe place to work, is also responsible for any negligent actions and omissions committed

by BNSF and/or the railroad entity who owned and maintained the mainline tracks upon which

Plaintiffs were injured given that BNSF was acting as an "agent" of LDR.  Upon information and

belief, at all times material to this litigation, LDR and BNSF entered into a contractual agreement

for BNSF to provide railroad track inspection, maintenance, and policing services on the railroad

track where this accident and injury occurred.  This contractual agreement to provide these services

was entered into to further the operational activities of LDR.

27.      Plaintiffs specifically plead that LDR is liable for Plaintiffs' injuries caused in

whole or in part by the fault of BNSF, which was performing, under contract, operational activities

of LDR, such that BNSF is an "agent" of LDR within the meaning of 45 U.S.C. § 51.  In sum,

Plaintiffs aver that LDR's liability under FELA extends to each negligent and careless act committed by BNSF that contributed to Plaintiffs' injuries and damages.

28.     As a result, in whole or in part, of the foregoing negligence of Defendant LDR and its agents, in violation of the FELA, and/or its other duties under Louisiana state law, a dangerous condition was caused to occur as set forth above, causing Plaintiff Byron Dozier to sustain severe and disabling physical injuries to his body including his neck, back, hands, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems. These injuries necessitated cervical surgery on July 15, 2021.  Plaintiff has suffered in the past and will continue to suffer in the future pain and anguish and loss of enjoyment of life and the potential inability to continue his career as a railroad conductor/engineer.

29.     As a result, in whole or in part, of the foregoing negligence of Defendant LDR and its agents, in violation of the FELA, and/or its other duties under Louisiana state law, a dangerous condition was caused to occur as set forth above, causing Plaintiff Bruce Alexander to sustain physical injuries to his body including his right leg, muscles, tissues, ligaments and internal parts thereof, as well as other bruises, contusions, lacerations, and further injuries to his muscular and skeletal systems; and that Plaintiff has suffered as a result of Defendant LDR's negligence.

30.     In addition, as a result, in whole or in part, of the foregoing negligence of Defendant LDR and its agents, in violation of the FELA, and/or its other duties under Louisiana state law, Plaintiff Byron Dozier has lost wages in the past, and will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

31.     In an effort to treat, heal and relieve his injuries, Plaintiff Byron Dozier has spent and will continue to spend monies for medical and related care in amounts to be proven by the evidence at the trial of this matter.

32.     Plaintiff Byron Dozier demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

A.  Physical Pain and Suffering, Past and Future;

B.  Mental Pain and Suffering, Past and Future;

C.  Potential Permanent Disability;

D.  Loss of Enjoyment of Life;

E.  Past Lost Wages;

F.  Future Lost Earning Capacity and Fringe Benefits;

G.  Future Lost Wages;

H.  Unpaid Past Medical Expenses; and

I.  Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy.

33.     Plaintiff Bruce Alexander demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

A.  Past Physical Pain and Suffering;

B.  Past Mental Pain and Suffering;

C.  Loss of Enjoyment of Life;

D.  Past Lost Wages; and

E.  Unpaid Past Medical Expenses.

35.     Plaintiffs reserve the right to supplement and amend this Complaint, as additional facts become known.

36.     Plaintiffs are entitled to and demand a trial by jury.

**WHEREFORE**, Plaintiff Byron Dozier and Plaintiff Bruce Alexander pray for judgment against the above-named Defendant, LDR, for recovery of reasonable damages in an amount sufficient to fully compensate Plaintiffs for the damages and losses suffered, together with all costs, disbursements, and whatever other relief the Court deems appropriate.

Date:  January 12, 2022

Respectfully Submitted,

**POOLSON | ODEN**

  _/s/ Carisa German-Oden_
Carisa German-Oden, #34163 T.A.
Daniel J. "Danny" Poolson, Jr., #30676
3900 N. Causeway Blvd.
Suite 680
Metairie, LA 70002
504.766.2200 │ Office
504.766.2070 │ Facsimile
Email: carisa@poolsonoden.com
Email: danny@poolsonoden.com

**Attorneys for Byron Dozier and Bruce Alexander, Plaintiffs**